UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES RICHARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL NO.: |
| | ) | |
| | ) | |
| | ) | |
| SUN LIFE FINANCIAL (U.S.)SERVICES | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendant | ) | |

COMPLAINT

NATURE OF THE ACTION

This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C. § 1001, et seq.* Plaintiff was insured under the long term disability Plan of Alfa Laval which is the Administrator of the Plan and liable for payment of benefits. The LTD Policy Number is 200092 and the Claim Number is 301116-05984-00. Defendant has wrongfully denied LTD benefits to Plaintiff who became totally disabled while he was eligible for benefits and entitled to the payment of benefits because he has been disabled according to the definitions in the Policy.

JURISDICTION AND VENUE

This court has original jurisdiction under *28 U.S.C. § 1331* because this is an action arising under the laws of the United States. Venue is proper in this Court pursuant to *28 U.S.C. § 1391(b)* in the State of Maine because the events giving rise to the claim

1

occurred in the State of Maine and under Local Rule 3(b) in Portland because the

Plaintiff lives in the County of York, State of Maine.

FACTS

1.  Plaintiff was a full-time, active employee as Channel Manager at Alfa Laval, Inc. on February 12, 2016 when he was in a traffic accident.

2.  The position of Channel Manager requires "extensive travel- 70-80% of the time".

3.  Plaintiff reported to his primary care physician on February 22, 2016 that he had back pain immediately following the accident which had been continually worsening.

4.  He reported that sitting for an extended period of time was particularly painful.

5.  His PCP wrote a note on that visit restricting him from air travel and referring him to an intensive course of physical therapy.

6.  He engaged in physical therapy every day.  That was for 3 times per week at Penobscot Bay Medical Center and on the days he did not go to the Medical Center, he did aqua therapy at the gym in the local resort.

7.  Even though his job description required travel 70-80% of the time, he managed to do his job by using sick time and vacation days to accommodate the physical therapy and keeping track of accounts from the office rather than in the field.

8.  His supervisor was aware of and acquiesced in these accomodations as Plaintiff gave to him the note from his PCP restricting travel.

9.  Plaintiff was surprised when he learned on June 28, 2016 that Human Resources was not aware of the restrictions.

10. On June 29, 2016, Plaintiff was told by Human Resources not to work at all, that he was totally disabled.

11. The MRI of Plaintiff's lumbar spine on May 6, 2016 shows abnormalities at L-2-3, L3-4, L4-5, L5-S1, proof positive of the debilitating pain Plaintiff experiences on prolonged sitting.

12. Plaintiff had a neurosurgery and spine consult on June 15, 2016 which confirmed a severe disk herniation at L2-3 that was significantly impinging on the L3 nerve root, proof of the source of the totally disabling pain suffered by Plaintiff.

13. The Attending Physician's Statement in support of Plaintiff's application for LTD states that Plaintiff cannot sit or drive for more than 1 hour and that he needs physical therapy twice per day.

COUNT 1

14.  Plaintiff restates all allegations here.

15.  Defendant wrongfully denied Plaintiff LTD benefits.


WHEREFORE, Plaintiff requests this Court:

   (a)  Grant Judgment in his favor and against Defendant;

   (b)  Order that Defendant pay all LTD benefits to date of Judgment;

   (c)  Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;

   (d)  Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and to make Plaintiff whole for losses;

   (e)  Order the payment of prejudgment and post judgment interest as well as interest beginning from the initial denial of benefits;

(f)  Order that Defendant pay the costs of suit, including Plaintiff's attorney's fees

and costs pursuant to 29 U.S.C. 1132(g); and

(g)  Award all such other and further relief as this Court deems just and proper.


DATED: February 26, 2018

/s/ Gisele M. Nadeau

Gisele M. Nadeau, Esq.
55 Pleasant Ave.
Portland, Maine 04103

nadeau@nadeauerisadisability.com